■ CATHERINE M. GERGENTI, as Administratix of the Estate of CHARLENE GERGENTI, Deceased, Respondent, v CITY OF NEW YORK, Appellant, and MICHAEL SCUDERI, Respondent.—In a wrongful death action, defendant City of New York appeals from an order of the Supreme Court, Richmond County (Kuffner, J.), dated February 17, 1984, which, *inter alia,* denied its cross motion for an order dismissing the complaint as against it pursuant to CPLR 3211 (a) (7), or, in the alternative, for summary judgment in its favor. The appeal brings up for review so much of an order of the same court, dated June 8, 1984, as, upon reargument, adhered to the original determination (CPLR 5517 [b]).

Appeal from the order dated February 17, 1984, dismissed. That order was superseded by the order granting reargument.

Order dated June 8, 1984, reversed insofar as reviewed, on the law, order dated February 17, 1984, vacated, and, upon reargument, that branch of the cross motion which was for summary judgment in favor of the defendant City of New York granted.

Appellant is awarded one bill of costs.

On May 20, 1982, Charlene Gergenti's body was found leaning against a tree in a wooded area on Staten Island. The medical examiner determined that Ms. Gergenti had died from a self-inflicted gunshot wound to the head. The gun with which Ms. Gergenti killed herself belonged to defendant Michael Scuderi, a court officer in the New York City Criminal Court.

Plaintiff's complaint alleges that decedent's death was caused, *inter alia,* by the negligence of the City of New York in allowing Scuderi to be employed and to carry and possess a gun; in failing to properly train and test Scuderi in the use

and care of the weapons allowed to be carried by him; and in not subjecting Scuderi to thorough screening and psychological testing.

The record shows that Scuderi was hired as a court officer in November of 1978, and that the State of New York, as his employer (Judiciary Law § 39 [6]), was responsible for hiring, screening, training, testing and determining whether to permit Scuderi to carry a firearm. Plaintiffs have presented no evidence to show that the City of New York played any part in those functions. Therefore, that branch of the city's cross motion which was for summary judgment dismissing the complaint as against it should have been granted. Lazer, J. P., Gibbons, Weinstein and Lawrence, JJ., concur.